UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

JOE RANGEL,

    Petitioner,

v.                                      Civil Action No. 3:08cv782

PATRICIA STANSBERRY,

    Respondent.

## MEMORANDUM OPINION

Petitioner Joe Rangel, a federal prisoner proceeding *pro se*, brings this Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.[1] (Docket No. 1.) Rangel asserts that his detention is unlawful and in direct contravention of the Constitution of the United States. (Pet. 1.) Respondent Stansberry filed a motion to dismiss and provided Rangel with appropriate *Roseboro* notice.[2] (Docket Nos. 11-12.) Rangel replied.[3] (Docket No. 14.) The matter is ripe for adjudication. Jurisdiction exists pursuant to 28 U.S.C. §§ 636(c) and 2241. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss (Docket No. 11) and DISMISS the Petition (Docket No. 1).

---

[1] 28 U.S.C. § 2241 provides, in relevant part:

(c) The writ of habeas corpus shall not extend to a prisoner unless— . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States. . . .

28 U.S.C. § 2241(c)(3).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] Rangel submitted a duplicate copy of his reply brief. The Clerk has docketed this document as Docket No. 15. This brief is identical to Docket No. 14, however, and therefore deserves no separate discussion.

1

## I. Factual and Procedural Background

On August 18, 2006, Rangel pled guilty to: (1) conspiracy to conduct a racketeering enterprise in violation of 18 U.S.C. § 1962(d); (2) conspiracy to possess with intent to distribute and distribution of at least five kilograms of cocaine, in violation of 21 U.S.C. § 846; and, (3) distribution of more than 500 grams of cocaine, in violation of 21 U.S.C. § 841. *United States v. Rangel*, 279 F. App'x 433, 433 (9th Cir. May 6, 2008) (No. 06-50681), *available at* 2008 WL 2074351, at *1. On October 27, 2006, Rangel filed a motion to withdraw his guilty plea. *Id.* On November 27, 2006, the district court denied Rangel's motion and imposed a sentence of 292 months. *Id.* Rangel appealed, and the United States Court of Appeals for the Ninth Circuit affirmed the judgment of the district court. *Id.*

Rangel asserts that the 292-month sentence imposed "was exorbitantly increased based upon two prior drug convictions in the State of California." (Pet. 1.) Rangel's prior convictions occurred in 1991. On June 19, 1991, Rangel pled guilty to one charge of possession for sale of cocaine base, and to one charge of possession for sale of cocaine. (Pet. 3; Pet. Ex. B, June 19, 1991 Plea Tr., 6:10-18.) In 1991, the Superior Court of California sentenced Rangel to three years for each offense, with the sentences to run concurrently. (Pet. 3; Pet. Ex. C, Abstract of Judgment.) Based on these previous convictions, the United States filed a Notice of Enhancement pursuant to 21 U.S.C. § 851 in the federal case. (Pet. 4.) This resulted in an enhancement of Rangel's sentence, and the district court imposed 292 months of incarceration. (Pet. 4.)

Rangel asserts that the 1991 convictions used to enhance his federal sentence were unconstitutional because they violated Rangel's Sixth[4] and Fourteenth[5] Amendment rights. (Pet. 8.) Specifically, Rangel claims: (1) that the state court "accepted Rangel's guilty plea without first addressing Rangel personally and determining that the plea was made voluntarily with the understanding of the nature of the charge;" (2) that the state court failed to establish a factual basis for the guilty pleas; (3) that the state court did not inform Rangel of the mandatory minimum or maximum sentences he faced nor question him regarding the right he was waiving; and, (4) that his pleas were not voluntary, but rather were "tendered because of mental coercion by the district attorney." (Pet. 8-11.) Rangel requests that this Court invalidate his prior convictions and vacate his federal sentence. (Pet. 12.)

## II. Analysis

### A. This Court Lacks Subject Matter Jurisdiction.

Petitions challenging the manner of execution of an inmate's sentence must proceed under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241. "A habeas petition under § 2241 must . . . be filed in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (stating that "claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241").

---

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

Petitions challenging the validity of a federal sentence, however, must be made by filing a motion to vacate the sentence pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255; *In re Vial*, 115 F.3d 1192, 1194 & n.5 (4th Cir. 1997); *Posey v. Dewalt*, 86 F. Supp. 2d 565, 572 (E.D. Va. 1999) ("A federal inmate is required to assert collateral attacks challenging the validity of his federal judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255."). A motion to vacate pursuant to 28 U.S.C. § 2255 must be brought in the court which imposed the sentence. 28 U.S.C. § 2255; *see In re Jones*, 226 F.3d at 332 (noting that Congress enacted § 2255 to "'channel[] collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement)'" (*quoting Triestman v. United States*, 124 F.3d 361, 373 (2nd Cir. 1997))); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A section 2255 motion to the sentencing court is generally the appropriate vehicle for challenging a conviction.").

Here, Rangel challenges the validity of his federal sentence. He asserts that the 292-month federal sentence was improperly and "exorbitantly increased" as a result of two prior convictions obtained unconstitutionally (Pet. 1), and entreats the Court to vacate the federal sentence (Pet. 12). Because Rangel argues that his federal sentence is invalid, he must bring this claim in the Central District of California. *See* 28 U.S.C. § 2255. That court convicted Rangel and imposed the 292-month sentence he now challenges. *Id.* This Court lacks subject matter jurisdiction over the instant Petition.

### B. 28 U.S.C. § 2255 Is Neither Inadequate Nor Ineffective to Test the Legality of Rangel's Detention.

28 U.S.C. § 2255(e)[6] permits a petitioner to seek habeas relief pursuant to a § 2241 petition if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *In re Jones*, 226 F.3d at 333. Pursuant to this "savings clause," a motion pursuant to § 2255 inadequately or ineffectively tests the legality of the detention of a federal prisoner in only a limited number of circumstances. *In re Jones*, 226 F.3d at 333. Section 2255 inadequately or ineffectively tests the validity of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34.

The petitioner bears the burden "to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *In re*

---

[6] 28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

5

*Vial*, 115 F.3d at 1194 n.5 (internal citation omitted); *see also Charles*, 180 F.3d at 756; *Tripati*, 843 F.2d at 1162-63.

In this case, Rangel fails to allege that he merits relief pursuant to the savings clause. Rangel does not allege that at the time of his conviction, settled law of the circuit established the legality of his conviction; that subsequent to his appeal, the law of the circuit changed and the conduct for which he was convicted was no longer criminal; and that he could not satisfy the gatekeeping provisions of § 2255 because the new rule was not one of constitutional law. *See In re Jones*, 226 F.3d at 333 (describing the applicability of the savings clause). Thus, Rangel has failed to meet his burden of establishing the applicability of the savings clause. *See Charles*, 180 F.3d at 756. Rangel does not merit habeas relief.

Moreover, Rangel's argument that relief should flow under § 2241 because of "Respondent's unwillingness to make California State law available to him" does not persuade. (Pet'r's Opp'n to Resp't's Mot. to Dismiss Pet. for Writ of Habeas Corpus ("Pet'r's Reply"), at 3.) Rangel makes conclusory allegations "of interference by state officials" who confiscated his legal materials from him by claiming that his "personal property, including my legal material was confiscated by state officers" and never forwarded to him when he transferred to a new facility. (Pet'r's Reply 5; Pet. Ex. D, Rangel Aff. ¶¶ 4, 7-8.) However, Rangel fails to describe the legal materials or documents to which he refers or who allegedly took them. He does not explain why, in the 17 or so years that elapsed between his state court convictions and the instant habeas petition, he could not pursue a direct appeal or collateral attack of those state convictions without these "legal materials." This insufficiently lodges a claim for relief pursuant to § 2241. Therefore, Rangel does not merit habeas relief.

## C. Even If This Court Had Jurisdiction, Rangel Would Not Be Entitled to the Requested Relief.

Even presuming that this Court would have jurisdiction over Rangel's § 2241 Petition, Rangel's claim fails. Generally, a petitioner may not challenge his federal sentence through a motion under 28 U.S.C. § 2255 "on the ground that his prior convictions were unconstitutionally obtained."[7] *Daniels v. United States*, 532 U.S. 374, 376 (2001). When a prior conviction used to enhance a federal sentence no longer stands subject to direct appeal or collateral attack "because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." *Id.* at 382. The prior conviction carries a presumption of validity, and a petitioner cannot collaterally attack that conviction through a § 2255 motion. *Id.* Indeed, "the defendant is not entitled to another bite at the apple simply because that conviction is later used to enhance another sentence." *Id.* at 383.

Courts have held that, as with § 2255 motions, "petitioner[s] cannot collaterally attack an expired state court conviction under § 2241." *Broomes v. Ashcroft*, 358 F.3d 1251, 1255 (10th Cir. 2004). In *United States v. Gadsen*, the United States Court of Appeals for the Fourth Circuit commented that the "entire point" of the Supreme Court's decisions in *Custis v. United States*[8] and *Daniels* was to clarify that "litigants should not bypass state courts to litigate the facts

---

[7] The Supreme Court of the United States extended the holding in *Daniels* to state prisoners seeking relief pursuant to § 2254. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001). The sole exception under which a prisoner might challenge the validity of his current sentence on the ground that his prior convictions were unconstitutionally obtained occurs when the prisoner asserts a *Gideon* violation of his right to counsel. *Daniels*, 532 U.S. at 382; *see Gideon v. Wainwright*, 372 U.S. 335 (1963). The Court sees no *Gideon* violation here.

[8] In *Custis*, the Supreme Court held that, with the sole exception of convictions obtained in violation of the right to counsel, defendants have no right during sentencing or on direct appeal to collaterally attack the validity of prior state convictions used to enhance their federal sentences. *Custis v. United States*, 511 U.S. 485, 496 (1994).

underlying their state convictions during challenges to a federal sentencing determination."

*United States v. Gadsen*, 332 F.3d 224, 228 (4th Cir. 2003). Rangel now attempts to do precisely that which the Supreme Court barred in *Daniels*: to attack his 1991 predicate felony convictions in federal court because of their effect on his subsequent federal sentence, rather than earlier pursuing his challenge to the 1991 convictions directly in state court or through federal habeas review. This collateral attack to an expired state conviction cannot proceed. *Broomes*, 358 F.3d at 1255. Therefore, Rangel's claim must fail.

### III. Conclusion

For the foregoing reasons, the Court shall GRANT Respondent's Motion to Dismiss. (Docket No. 11.) The Court shall DISMISS Rangel's Petition. (Docket No. 1.)

An appropriate Order shall issue.

/s/ _____
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: January 12, 2010